## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-02112-REB-KLM

SOPHIA CLAIRE DE ARMENT,

        Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

        Defendant.

---

### STIPULATED PROTECTIVE ORDER

---

Pursuant to Federal Rule of Civil Procedure 26(c) and the Local Rules of this Court, Plaintiff and Defendant, by their counsel of record, jointly request that this Stipulated Protective Order be entered in the above-captioned matter in order to preserve the confidentiality of information designated as "Confidential" under the terms of this Stipulated Protective Order.

Good cause therefore appearing, IT IS HEREBY ORDERED as follows:

1.    <u>Definitions</u>.

The following definitions shall apply to this Order:

    a.    "Confidential Information" shall mean Confidential Health Information (as defined below in paragraph 3(c)) or other information that a party has designated as reflecting or containing matter that is confidential, proprietary, or a trade secret.

    b.    "Documents" shall mean all written records, electronically stored information, or graphic material whatsoever, including, without limitation, any meaning reasonably given to such term in any written discovery request.

1

c.      "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL" or other appropriate term or terms connoting the confidentiality of the document.  When any document is designated "Confidential" pursuant to this Protective Order, the Legend shall be affixed to the cover of such document and to any page therein containing Confidential Information.

d.      "Litigation" shall refer to the above-captioned case, including any appeal through final judgment.

e.      "Producing Party" shall mean any Party to the Litigation, or any other person or entity producing documents, information or other materials in the Litigation.

f.      "Parties" shall mean Plaintiff Sophia Claire De Arment and Defendant Aetna Life Insurance Company.

2.      <u>Scope of Application.</u>

This Protective Order shall govern all documents and other information and materials generated or produced in response to any discovery conducted by any Party to the Litigation pursuant to the Federal Rules of Civil Procedure and the rules of the District of Colorado. Further, this Order shall govern all documents and materials containing Confidential Information that are submitted in connection with a brief or other document filed with this Court.  This Order shall not govern the use or admissibility of any evidence at trial or the procedures for using such documents or information at trial.  The Parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a protective order pursuant to which Confidential Information may be introduced into evidence or otherwise used at such hearing, trial, mediation, or other proceeding.  Absent agreement, the Court shall be asked to issue an order governing the use of information in the context of such proceedings.

This Court shall retain jurisdiction to resolve all disputes relating to this Protective Order. This Protective Order shall not prevent any Party from seeking to amend, modify, or revise this Protective Order in the above-captioned matter; nor shall this Protective Order prevent any Party from entering into additional confidentiality stipulations or seeking additional protective orders.

3.    Designation and Limitations on Use of Confidential Information.

.    a.    Designation as "Confidential Information." A Producing Party may designate any document or portion thereof that contains Confidential Information as "Confidential" pursuant to this Order by affixing the legend as provided under subparagraph 1(c) to any document containing, or that the Producing Party believes contains, Confidential Information. If, through inadvertence, a Producing Party produces any document or portion thereof that contains Confidential Information but fails to designate the document as "Confidential" pursuant to this Order by affixing the Legend as provided under paragraph 1(c), the Producing Party may subsequently designate the document as "Confidential"; provided, however, in the event that a Party produces voluminous documents for inspection only, no stamping need be made by the Producing Party in advance of the initial inspection and the following procedures shall apply. The Producing Party shall not be considered to have waived the confidential status of documents made available during such an initial inspection but not chosen by the inspecting Party for copying. Thereafter, upon selection of specified documents for copying by the inspecting Party, the Producing Party shall, within ten (10) business days and prior to providing copies of the selected documents to the requesting Party, stamp each page of such documents as may contain Confidential Information with the "Confidential" designation. A Producing Party may also designate documents as "Confidential" by advising counsel of record to whom the documents are to be produced, in writing, of the Bates numbers of the documents

3

that are designated as "Confidential" pursuant to this Order.

      b.   <u>Limitations on Use of Confidential Information</u>.  All documents, materials, or information in this Litigation that are designated "Confidential" may be used only for purposes of the conduct of this Litigation to include discovery, motions, briefs, and the hearing ("Permitted Purpose").  Confidential Information and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source, shall be disclosed only to the Court (as provided for in paragraph 7 below) and to:

      (1)   Parties to the Litigation and the employees, officers, agents and directors of such Parties only to the extent necessary for the Permitted Purpose;

      (2)   counsel for the Parties hereto and their paralegals, litigation support staff and outside copying services, or other secretarial and clerical employees only to the extent necessary for the Permitted Purpose;

      (3)   employees, officers and directors of independent contractors, experts, consultants, or advisors who are employed or retained by, or consulted about retention on behalf of, any of the Parties or counsel for the Parties hereto only to the extent necessary for the Permitted Purpose (but excluding any person regularly employed or engaged by a current or prospective competitor of the Party or third party that designated the material);

      (4)   deponents and their counsel who have a reasonable need to review this material during the course of, or in connection with, depositions taken in or for the Litigation;

      (5)   stenographic reporters who are involved in depositions, the trial or

any hearings or proceeding before the Court in the Litigation;

(6) third-party witnesses in the Litigation who reasonably need to review this material prior to or in connection with potential testimony in the Litigation; and

(7) the persons listed on the document as authors or recipients (including copyees).

Unless the Producing Party agrees otherwise, Confidential Information may be disclosed to persons referred to in this subparagraph only after such persons have been advised of the terms and operation of this Order and have agreed to be bound by its terms. Persons listed in (3), (4), or (6) of this paragraph shall be required to sign a Written Acknowledgment in the format attached hereto as Exhibit A prior to disclosure to them of Confidential Information. A copy of each executed Written Acknowledgment shall be retained by counsel of record for the Party obtaining the Written Acknowledgment. A Party may make such application to the Court for disclosure of a copy of the executed Written Acknowledgment(s) and the Court will grant such an application upon good cause shown, except that a Party need not disclose a copy of an executed Written Acknowledgment if doing so would tend to reveal the identities of experts retained by a Party the disclosure of whom is not required by the Federal or Local Rules, unless ordered by the Court. This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

c. <u>Treatment of Confidential Health Information</u>. Confidential Health Information shall constitute a subset of Confidential Information, and shall be designated as Confidential and subject to all other terms and conditions governing the treatment of

5

Confidential Information, as set forth in subparagraphs (a)-(b) of this paragraph. "Confidential

Health Information" shall mean information supplied in any form, or any portion thereof, that

identifies an individual or subscriber in any manner and relates to the past, present, or future

care, services, or supplies relating to the physical or mental health or condition of such individual

or subscriber, the provision of health care to such individual or subscriber, or the past, present, or

future payment for the provision of health care to such individual or subscriber. "Confidential

Health Information" shall include, but is not limited to, claim data, claim forms, grievances,

appeals, or other documents or records that contain any patient health information required to be

kept confidential under any state or federal law, including 45 C.F.R. Parts 160 and 164

promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 (*see* 45

C.F.R. §§ 164.501 & 160.103), and the following subscriber, patient, or member identifiers:

    (1)     names;

    (2)     all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

    (3)     all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

    (4)     telephone numbers;

    (5)     fax numbers;

    (6)     electronic mail addresses;

    (7)     social security numbers;

    (8)     medical record numbers;

    (9)     health plan beneficiary numbers;

(10)    account numbers;

(11)    certificate/license numbers;

(l2)    vehicle identifiers and serial numbers, including license plate numbers;

(13)    device identifiers and serial numbers;

(14)    web universal resource locators ("URLs");

(15)    internet protocol ("IP") address numbers;

(17)    biometric identifiers, including finger and voice prints;

(18)    full face photographic images and any comparable images; and/or

(19)    any other unique identifying number, characteristic, or code.

In addition to the other limitations on use of Confidential Information set forth above, the Producing Party may, but is not required to, redact the above identifiers or take other suitable precautions in order to protect the privacy of its members, subscribers, or patients, but only to the extent such redaction or other precaution does not result in prejudice to another Party in the Litigation. This subparagraph shall not prevent a Producing Party from disclosing its own Confidential Health Information to any person, including its counsel and their partners, associates, paralegals, and clerical and litigation support personnel.

4.    <u>Designation of Documents Produced by Third Parties</u>.

Any Party may designate as "Confidential" any document that is produced or disclosed without such designation by any third party, within ten (10) business days of production of such document (or such other time as may be agreed), provided that such document contains Confidential Information of a designating Party, in the following manner:

a.    Parties to the Litigation may designate such document by sending written

7

notice of such designation, accompanied by copies of the designated document bearing the Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Any Party receiving such notice and copy of the designated document pursuant to this subparagraph shall, within ten (10) business days of receipt of such notice (or such other time as may be agreed), return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the Legend to all copies of such designated document in their custody or possession.

        b.      Upon notice of designation pursuant to this paragraph, Parties shall also: (i) make no further disclosure of such designated document or information contained therein except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order.

        c.      The Parties shall serve a copy of this Order simultaneously with any discovery request made to a non-Party. For any discovery that was served on a non-Party prior to the date of this Protective Order, the Party who served the discovery shall provide the non-Party with a copy of this Protective Order within five (5) business days of the date this Order is entered by the Court.

        5.      <u>Designation of Transcripts</u>.

        a.      In the case of Confidential Information revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel on the record, or is otherwise made before the stenographer transcribing such deposition or hearing has disseminated to counsel for the Parties the transcript thereof, the stenographer

shall affix the appropriate Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

        b.    If a deposition or hearing transcript has not previously been designated as "Confidential" prior to its preparation by the stenographer, counsel for a Party may alternatively designate a deposition or hearing transcript or a portion thereof, disclosing, containing or referring to any Confidential Information hereunder as "Confidential" by informing counsel for all other Parties to this action in writing within twenty (20) business days after receipt of the transcript (or such other time as may be agreed), as to the specific pages deemed Confidential, and thereafter such pages shall constitute Confidential Documents pursuant to this Order. Upon receipt of such notice, any Party in possession of copies of such designated transcript shall affix the appropriate Legend thereto. Until the receipt of such designation, the transcript shall be presumed to not contain Confidential Information.

      6.    Copies.

All copies of any Confidential Documents shall also constitute and be treated as Confidential Documents as provided in this Order. Any person making, or causing to be made, copies of any Confidential Documents shall make certain that each such copy bears the Legend pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

      7.    Filing Confidential Information With Redactions and Under Seal.

Any Party wishing to file a document or paper containing Confidential Information with the Court shall endeavor to redact or otherwise exclude from the filing any Confidential Information not directly pertinent to that Party's filing. Any Confidential Information that is directly pertinent to the Party's filing shall be submitted to the Court "under seal" and

accompanied by a motion to restrict public access demonstrating good cause for filing under seal

consistent with District of Colorado Local Rule 7.2.  Subject to the Court's convenience and

records, and consistent with Local Rule 7.2, such filings shall be kept under seal by the Clerk

until further order of the Court.

8.    Objections to Designation.

Any Party (the "Requesting Party") may request in writing that any information or

document designated as "Confidential" be released from the requirements of this Protective

Order, and, unless otherwise agreed in writing, the Producing Party shall meet and confer with

the Requesting Party within fifteen (15) business days of a written request.  The written request

shall specifically identify the information or document challenged by the Requesting Party (by

Bates numbers) and include a statement of the legal or factual basis for each objection.  If an

agreement cannot be reached by negotiation, then the Parties must make ~~an application~~ a motion pursuant to MJ Mix's discovery procedures

~~consistent with the joint letter protocol set out in the Court's Pretrial Scheduling Order~~ within

twenty (20) business days of the meet and confer session for a ruling from the Court on the

continued application of the "Confidential" designation of such information or document.  In the          KLM

event that such ~~application is made~~ motion is filed made, the information or document shall be submitted to the Court

under seal for the Court's review, and the terms of this Protective Order shall continue to apply

to such information or document until the Court rules on the application.

9.    Objections Not Waived.

Notwithstanding anything to the contrary contained herein, all objections, including any

discovery or evidentiary objections, are reserved and are not waived by any terms of this Order.

10.    Subpoena of Confidential Documents.

If at any time any document or information protected by this Order is subpoenaed by any

court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party *KLM* that has designated such information "Confidential," so as to advise such person of the need to promptly obtain a protective order or a notice to quash the subpoena if the Producing Party believes such is necessary. The burden shall be on the Producing Party to timely ~~file~~ *make* a motion *pursuant to discovery procedures* for protective order or to quash. During the pendency of any such motion, the Parties in possession of Confidential Information shall not produce the Confidential Information.

    11.    <u>Continuation of Protection After Disposition.</u>

    a.    The termination of proceedings in the Litigation shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Order, unless the Court orders or permits otherwise. This Court shall retain continuing jurisdiction beyond the conclusion of this Litigation, including without limitation during any appeal, to enforce the provisions of this Order, pursuant to its contempt powers and with all other powers provided for in this Order.

    b.    Upon the final disposition of the Litigation, and a written notice from the Producing Party in that matter, the attorneys for the other Parties shall, at their option, either (a) return to the Producing Party from whom it was obtained any document that has been designated "Confidential" and copies thereof, including any such copies disclosed to persons identified in subparagraph 3(b), within fifteen (15) business days; or (b) destroy all documents that have been designated "Confidential" and provide a certification of the steps taken to that effect within fifteen (15) business days. Notwithstanding this provision, the Parties to the Litigation may keep a complete set of deposition transcripts, all documents filed or lodged with

the Court, that may include documents designated "Confidential" and any attorney work product, provided such information is stored in a manner so as to preserve its confidentiality.

12.   Notices.

All notices that this Order requires to be sent to a particular Party shall be sent via email and mailed via overnight mail to counsel for that Party at the address listed in the signature block below.

13.   Inadvertent Production

Disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not automatically constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the Litigation, any other litigation, or any other federal or state proceeding.  This Order, as entered by the Court and agreed to by the Parties, is intended to provide protection consistent with the full protection afforded by Federal Rule of Evidence 502(d), providing that: "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which even the disclosure also is not a waiver in any other Federal or State proceeding."  Upon discovery by a Producing Party (or upon receipt of notice from another Party) that he/she/it may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis for withholding such information from production.  After being notified, all other Parties must return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use

or disclose the information until the claim is resolved; and must take reasonable steps to retrieve

the information if he/she/it disclosed the Privileged Information before being notified.  If any

Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the

Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt

of the request for the return of the Privileged Information.  Except as expressly set forth herein,

nothing in this provision shall limit the bases on which the Objecting Party may challenge the

assertion of any privilege or protection by the Producing Party.  The parties shall thereafter meet

and confer in good faith regarding the disputed claim within ten (10) days.  In the event that the

Parties do not resolve their dispute, either Party may bring a motion for determination of whether

a privilege applies.  If such a motion is made, the Producing Party shall submit to the Court for *in*

*camera* review under seal a copy of the Privileged Information in connection with its motion

papers.  The submission to the Court shall not constitute a waiver of any privilege or protection.

The Producing Party must preserve the information until the claim is resolved.  If the claim of

privilege is not disputed or resolved in favor of the Objecting Party, then all other Parties will

return or destroy the privileged document.

13

DATED at Denver, Colorado, this _23rd_ day of _October_, 20_14_.

BY THE COURT:

United States Magistrate Judge
KRISTEN L. MIX

14

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-02112-REB-KLM

SOPHIA CLAIRE DE ARMENT,

        Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,
Defendants

        Defendants.

**ACKNOWLEDGMENT REGARDING STIPULATED PROTECTIVE ORDER**

    I, _____, hereby declare that:

    1.    I have received a copy of the Stipulated Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Stipulated Protective Order.

    2.    I agree that I will be bound by and will comply with all provisions of the Stipulated Protective Order in my treatment of Confidential Material designated, marked, or otherwise indicated to me to be "Confidential." I will hold in confidence and will not disclose to anyone any Confidential Material, including copies, summaries, abstracts, excerpts, indexes or descriptions thereof, except pursuant to the terms of the Stipulated Protective Order. I agree that I will only use such information for purposes of this action and not for any business or competitive purpose.

    3.    I will return all Confidential Material that comes into my possession, and all documents and things that I have prepared relating to or reflecting such information, to outside

counsel for the party by whom I am employed or retained or from whom I received such material within thirty (30) days of termination of this action by settlement or final judgment, including exhaustion of all appeals, or within thirty (30) days of the conclusion of my involvement in the action, whichever is sooner.

4.      I agree to submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order.

5.      I state under penalty of perjury that the foregoing is true and correct.

Executed on _____.

_____
[Signature]