IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02112-REB-KLM

SOPHIA CLAIRE DE ARMENT,

    Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#12][1] (the "Motion"). Plaintiff filed a Response [#26] in opposition to the Motion, and Defendant filed a Reply [#32]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to this Court [#14]. The Motion is thus ripe for review. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#12] be **GRANTED**.

### I. Background

In short, "[t]his is an action for breach of contract and violation of C.R.S. § 10–3–1115 arising from [Defendant's] unreasonable denial of [Plaintiff's] request for benefits owed under a student plan for health insurance." *Compl.* [#1] ¶ 1. Plaintiff is a 21-

---

[1] "[#12]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

year-old resident of Colorado who was enrolled as a student at Whitman College in the State of Washington for the 2012-2013 academic year. *Id.* ¶¶ 2, 10-11. Defendant is an insurance company which supplied the student health insurance plan for Whitman College for the 2012-2013 academic year. *Id.* ¶ 12.

During the 2012-2013 academic year, Plaintiff was diagnosed with panic disorder, generalized anxiety disorder, and atypical anorexia nervosa. *Id.* ¶ 14. It was determined by her caregiver that Plaintiff required inpatient treatment for her conditions, and her family chose a private residential treatment facility in Lemont, Illinois, called Timberline Knolls. *Id.* ¶¶ 15-17. Timberline Knolls contacted Defendant prior to admitting Plaintiff and received pre-certification for her treatment there along with an estimate of benefits. *Id.* ¶¶ 18-19. Plaintiff paid the estimated non-covered charge of $5,970.00 prior to her admission for fifty days of treatment. *Id.* ¶¶ 19-20. Plaintiff was admitted to Timberline Knolls on May 31, 2013, and staff there submitted the claim for benefits to Defendant on June 14, 2013. *Id.* ¶¶ 20-21. On or before July 5, 2013, Defendant unofficially alerted Timberline Knolls by telephone that it would be denying Plaintiff's claim for benefits, and Timberline Knolls immediately filed an appeal of this decision. *Id.* ¶ 24. Timberline Knolls also immediately informed Plaintiff of Defendant's decision, and she left the facility on July 6, 2014, two weeks short of her fifty-day treatment plan. *Id.* ¶ 25. On July 19, 2013, Defendant formally denied Plaintiff's claim based on its assessment that her "treatment at Timberline Knolls was not medically necessary and [Plaintiff] deserved only 'a lower level of care.'" *Id.* ¶ 22.

As a result of these events, Plaintiff asserts two claims: (1) breach of contract and (2) violation of Colo. Rev. Stat. § 10–3–1115. *Id.* ¶¶ 43-50. Plaintiff seeks damages on her breach-of-contract claim and "her reasonable attorney fees, court costs, interest, and two-

times the covered benefit" on her statutory claim. *Id.* ¶¶ 45, 50. Defendant's Motion seeks dismissal of only the statutory claim, pursuant to Fed. R. Civ. P. 12(b)(6). *Motion* [#12] at 1.

## II. Standard of Review

### A. Conversion Into Motion for Summary Judgment

At the outset, the Court must address Plaintiff's request to have the Motion [#12] seeking dismissal of one of Plaintiff's claims converted into a motion for summary judgment. *Response* [#26] at 2-3. Plaintiff asserts that unless the Court excludes the Exhibit [#12-1] attached to Defendant's Motion [#12], the Court must convert the motion into one for summary judgment. *Id.* The Exhibit consists of the Declaration of Gina Sparks ("Sparks"), an employee of Defendant, who attests that a true and correct copy of the Blanket Student Accident and Sickness Insurance Policy (the "Policy") that was in effect for Whitman College during the 2012-2013 academic year is attached to her Declaration. Ms. Sparks includes no other relevant evidence in her submission to the Court.

The Court denies Plaintiffs' request to convert the Motion [#12] into a motion for summary judgment for the following two reasons. First, Plaintiff failed to comply with Local Rule 7.1(d), which states that "[a] motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document." D.C.COLO.LCivR 7.1(d). Plaintiff's request may be denied on this basis alone.

Second, when considering a motion to dismiss, the Court must normally disregard facts supported by documents other than the Complaint unless the Court first converts the motion to dismiss into a motion for summary judgment. *Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a Court may consider documents outside of the

Complaint on a motion to dismiss in three instances. First, the Court may consider outside documents pertinent to ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir.2000). Second, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). Third, the Court may consider outside documents that are both central to the plaintiff's claims and to which the plaintiff refers in her Complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997). Defendant submits the Policy under this third exception. *Motion* [#12] at 3 n.1. Plaintiff argues that the Policy does not fall under this exception "[b]ecause Plaintiff did not have access to this document at the time of filing, despite her requests that [Defendant] provide it . . . ." *Response* [#26] at 2. Plaintiff does not argue that the Policy provided by Defendant is not the applicable policy underlying her claims in this case. The Court has examined the Policy and determined that it may appropriately be referenced by the Court in making its Recommendation on the pending Motion without converting the Motion into a motion for summary judgment because (1) the Policy is central to Plaintiff's claims regarding the benefits owed under the student plan for health insurance, and (2) Plaintiff refers to the Policy in her Complaint. *See, e.g.*, *Compl.* [#1] ¶¶ 1, 12, 30, 34, 36, 38, 39, 44, 47.

**B.      Dismissal Under Rule 12(b)(6)**

The Rule 12(b)(6) standard tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal

evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ][has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary[. Instead,] the statement need only give the defendant[s] fair notice of what the ... claim is and the grounds upon which it rests[, and is not required to] include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

### III. Analysis

As indicated above, Defendant seeks only the dismissal of Plaintiff's second claim asserted under Colo. Rev. Stat. §§ 10–3–1115(1)(a). *Motion* [#12] at 1. This statute provides that "[a] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." An insurer's actions are unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." Colo. Rev. Stat. § 10–3–1115(2). Statutes such as Colo. Rev. Stat. §§ 10–3–1115(1)(a) "create a right of action separate from the common law tort of bad faith breach of an insurance contract." *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012). Further, "[w]hile first-party bad faith principles require a plaintiff to establish that the insurer knew or recklessly disregarded the fact that its conduct was unreasonable, the statutory claim requires only that a first-party claim be denied without a reasonable basis." *Id.* (internal citations omitted). Thus, "[t]he standard contained in § 1115 arguably is less onerous on the insured, and the remedies contained in § 1116 are more financially threatening to the insurer than a traditional common law bad faith claim." *Id.* (citation omitted).

Defendant argues that the choice-of-law provision in the Policy mandates the application of Washington law and precludes the assertion of a claim under Colo. Rev. Stat. §§ 10–3–1115(1). *Motion* [#12] at 5-7. Specifically, Defendant points to the following provisions: (1) "Policy delivered in: Washington. This Policy will be construed in line with the law of the jurisdiction in which it is delivered," *Policy* [#12-1] at 4; and (2) "The Plan will pay benefits in accordance with any applicable Washington State Insurance Law(s),"

*Summary Plan Description* [#1-1] at 41; *Student Brochure* [#1-3] at 36.  *Motion* [#12] at 6.  Plaintiff does not point to any provisions of the Policy which conflict with these contractual mandates.  *See Response* [#26] at 6-7.  Rather, Plaintiff argues that "these are narrow choice of laws provisions that relate only to construction of the contract and how [Defendant] will carry out certain of its duties thereunder."  *Id.* at 7.  She asserts that "[t]hese clauses do not speak to any limitation on an insured's ability to bring extra-contractual claims generally, and certainly do not bar [Plaintiff] specifically from bringing an extra-contractual claim against [Defendant] under Colorado law."  *Id.*

Plaintiff primarily relies on *Okland Construction Co., Inc. v. The Phoenix Insurance Co.*, No. 11-cv-02652-LTB-BNB, 2014 WL 884690, at *4 (D. Colo. Mar. 6, 2014), for the proposition that her claim under Colo. Rev. Stat. §§ 10–3–1115 is extra-contractual and therefore may be brought as a tort claim in Colorado even if the breach-of-contract claim is decided under Washington law.  *Response* [#26] at 5; *see also Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567, 571 (Colo. App. 2003) (stating that, under Colorado law, claims for bad faith breach of insurance contract lie in tort).  However, as Defendant points out, *Okland* did not involve a contractual choice-of-law provision.  *Reply* [#32] at 4 n.3.  This case, on the other hand, presents the question of whether explicit policy provisions requiring application of Washington law preclude claims against the insured based on the law of another state.  As discussed below, the answer is yes.

The answer to the question regarding the scope of the choice-of-law provision is provided in *Werden v. Allstate Insurance Co.*, 667 F. Supp. 2d 1238, 1245 (D. Colo. 2009), which holds that the law of the state governing interpretation of the insurance contract also governs any statutory claims regarding performance of the contract.  The parties do not

dispute that Washington law governs interpretation of the insurance contract. Instead, Plaintiffs asserts that Defendant does not argue that Washington law applies to Plaintiff's breach-of-contract claim. *Response* [#26] at 5. However, the Court disagrees with this characterization of Defendant's argument. *See Motion* [#12] at 5-7 (stating that the contract "contains several provisions expressly mandating the application of Washington state law to any issue or dispute regarding or relating to payment of benefits" and "[b]ecause it is contractually prescribed . . . Washington law controls this dispute"). Plaintiff's allegation that Defendant's argument is deficient does not adequately address whether the choice-of-law provision in the policy governs the breach-of-contract claim.

As the parties indicate, a federal court sitting in diversity, as is the case here, follows the forum state's choice-of-law principles. *Garza v. The Pep Boys–Manny, Moe & Jack of Del., Inc.*, No. 10-cv-00365-REB-KLM, 2011 WL 486197, at *2 (D. Colo. Feb. 7, 2011) (citing *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007)). Thus, Colorado choice-of-law principles determine whether Colorado or Washington law governs this dispute. In Colorado, "the forum state should apply the law chosen by the parties unless there is no reasonable basis for their choice or unless applying the law of the state so chosen would be contrary to the fundamental policy of a state whose law would otherwise govern." *Hansen v. GAB Bus. Servs.*, 876 P.2d 112, 113 (Colo. Ct. App. 1994). Here, the parties clearly chose the law of Washington to govern interpretation of their contract, and Plaintiff makes no argument regarding a lack of reasonable basis for the choice or that the choice is contrary to a fundamental policy of Colorado.

Defendant argues that *Werden* mandates that Washington law must also govern any claim that implicates performance of the contract. *Motion* [#12] at 7. Indeed, *Werden*

clearly states: "Once it has been determined that the law of a particular state governs the interpretation of an insurance contract, any statutory insurance claims that implicate performance of the contract must also be raised under the law of the controlling state." 667 F. Supp. 2d at 1245. Applying this rule of law, the *Werden* court held that an insurance contract that was to be interpreted under New York law could not support a statutory claim under Colo. Rev. Stat. §§ 10–3–1115. *Id.* The same logic applies here. Although Plaintiff attempts to distinguish *Werden* by stating that the explicit choice-of-law provision in that case differs from the one at issue here, *Response* [#26] at 9, the *Werden* holding on this point "was independent of the wording of any specific contractual provision," as Defendant points out. *Reply* [#32] at 5. Thus, wording of the choice-of-law provision in the Policy is beside the point. *See Response* [#26] at 9. Once it is clear that the insurance contract itself is to be construed according to Washington law, so must any extra-contractual statutory claims that implicate performance of the insurance contract. *Werden*, 667 F. Supp. 2d at 1245. As *Werden* explicitly determined, this includes a claim asserted under Colo. Rev. Stat. §§ 10–3–1115, which must be dismissed because Washington law controls this dispute. *Id.*

Accordingly, the Court **recommends** that Plaintiff's Claim Two asserted under Colo. Rev. Stat. §§ 10–3–1115 be **dismissed with prejudice**. *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990).

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#12] be **GRANTED**.[2]

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: November 10, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[2] If this Recommendation is adopted, Plaintiff will have one claim remaining in this lawsuit, for breach of contract. *Compl.* [#1] ¶¶ 43-45.